UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREAT LAKES INSURANCE SE          CIVIL ACTION

VERSUS                             NO: 19-12388

A AND C HOLDINGS, LLC, ET AL.     SECTION: "A" (5)

**ORDER AND REASONS**

The following motion is before the Court: **Motion for Summary Judgment on Open Account (Rec. Doc. 72)** filed by Seabrook Marine, LLC.

George J. Ackel, III and A and C Holdings, LLC (at times collectively and in the singular "Ackel") oppose the motion.

The motion, submitted for consideration on December 9, 2020, is before the Court on the briefs without oral argument.

Great Lakes Insurance SE ("Great Lakes") initiated this declaratory judgment action against George Ackel and A and C Holdings, LLC, seeking to have the Court determine that Great Lakes does not owe insurance coverage for water damage to Ackel's vessel, the Voodoo. Ackel filed a third-party demand against Seabrook Harbor, LLC and Seabrook Marine, LLC seeking to hold these entities liable for the water damage to the Voodoo.[1]

---

[1] Seabrook Harbor and Seabrook Marine are two separate entities that provide distinctly different services. Seabrook Harbor provides both dry-dock and wet slip vessel storage and docking at the marina. Seabrook Marine provides repair and renovation services for vessels at the marina.

Motions for summary judgment were filed in August 2020. On October 2, 2020, the Court entered a comprehensive order and reasons resolving all motions against Ackel and A & C Holdings. The only claim in this litigation that was not part of the motions for summary judgment was Seabrook Marine, LLC's claim against Ackel for unpaid invoices pertaining to work performed on the Voodoo from 2016-2018. (Rec. Doc. 12, Answer and Counterclaim). The principal amount of these outstanding invoices is **$6,261.54**, which is exclusive of any potential contractual interest and statutory attorney's fees under Louisiana's open account law. (*Id.* ¶ 31).

To date, Ackel refuses to pay the outstanding invoices issued by Seabrook Marine citing faulty work that he believes actually contributed to the Voodoo's damages—assertions for which Ackel failed to produce any evidence when opposing Seabrook's prior motions for partial summary judgment. Because the quality of the work performed is no longer a live issue in this case, and because discovery in this case is <u>closed</u> and will <u>not</u> be reopened, setoff is not a defense that Ackel can reply upon. Simply, Ackel cannot defeat summary judgment on the unpaid invoices with his unsupported contentions regarding the quality of the repairs.[2]

Although Seabrook Marine pleaded many state law theories of recovery against Ackel, the motion for summary judgment sub judice is based on Louisiana's open account statute, La. R.S. § 9:2781, which includes an attorney fee provision when certain

---

[2] The Court notes that in his affidavit offered in opposition to summary judgment, Ackel also makes reference to Seabrook Marine having been paid for work that was never completed. (Rec. Doc. 80-1, Ackel affidavit ¶ 4). Not only is this contention unsupported, this claim was not included in Ackel's complaint (third-party demand) against Seabrook Marine.

requirements are met. This statute provides in relevant part:

> When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. **<u>Citation and service of a petition shall be deemed written demand for the purpose of this Section.</u>** If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.

La. Stat. Ann. § 9:2781(A) (emphasis added).

\* \* \*

> **<u>If the demand is made by citation and service of a petition</u>**, the person shall be entitled to pay the account without attorney fees by delivering payment to the claimant or the claimant's attorney within ten days after service of the petition in city courts and fifteen days after service of the petition in all other courts.

*Id*. § 9:2781(C) (emphasis added).[3]

Seabrook Marine has provided an affidavit from Stephanie Arabie (office manager) in support of the open account claim. (Rec. Doc. 72-3). Copies of the unpaid invoices are attached to the affidavit. In further support of the open account claim Seabrook Marine has provided an affidavit from Jeffrey Montz (co-owner and manager). (Rec. Doc. 82-2).

---

[3] The demand in this case was made by citation and service of the complaint which the statute expressly allows. This is the notice aspect of the statute that Seabrook Marine relies upon. Ackel's references in his opposition memorandum to lack of a demand letter and certified mail receipts are irrelevant per the express provisions of the open account statute. (Rec. Doc. 80, Opposition at 2 ¶ 3).

In his opposition, Ackel points out that the invoices are actually issued to Extreme MotorSports, which is his LLC, but is not a party to this litigation—the named parties to the litigation are Ackel himself and A and C Holdings. And while it remains undisputed that Ackel and A and C Holdings own the Voodoo—Extreme MotorSports does not own the vessel and apparently has no interest in the vessel—Ackel attempts to defeat summary judgment by contending that the account at Seabrook Marine was set up by him but through Extreme MotorSports—Ackel admits that he is the sole member and proprietor of Extreme MotorSports. (Rec. Doc. 80, Opposition at 2).

Ackel also points out that no written contract exists authorizing the invoiced work, and since the invoices are each for an amount over $500.00, Louisiana Civil Code article 1846 requires proof by not only at least one witness but also "other corroborating circumstances." Thus, while Arabie and/or Montz may satisfy the witness requirement of Article 1846, Ackel contends that the "other corroborating circumstances" required by the article have not been established.

Finally, in his affidavit offered in opposition to Seabrook Marine's motion for summary judgment, Ackel not only denies that he ever personally set up an account with Seabrook Marine, he also denies that he authorized the work being invoiced. (Rec. Doc. 80-1, Affidavit ¶¶ 3, 4).

In its reply memorandum, Seabrook explains that it never had dealings with an entity called Extreme MotorSports, and that the entity's name appears on the invoices because it is a mailing address that Ackel used. The Court does note that the invoices at issue are addressed to Ackel personally at Extreme MotorSports located in Harahan,

Louisiana—in other words, they do not indicate facially that they were directed to Ackel *on behalf of* Extreme MotorSports. (Rec. Doc. 72-3, Exhibit A).

The problem with Ackel's various efforts to defeat Seabrook Marine's motion for summary judgment on open account is that the case he pleaded when trying to recover from Seabrook Harbor and Seabrook Marine for the Voodoo's damage, and the arguments that he made when trying to avoid summary judgment on the last round of dispositive motions, directly contradict the assertions that he has now included in his affidavit in order to defeat Seabrook Marine's motion for summary judgment on the outstanding invoices. Specifically, Ackel admitted in his pleadings and in a prior memorandum filed in opposition to summary judgment when he was pursuing a bailment theory that <u>he and A and C Holdings</u> brought the Voodoo to Seabrook Marine for repairs. (Rec. Doc. 53 , Opposition at 3-4; Rec. Doc. 3, Answer and third-party demand ¶ 13). Thus, regardless of whether Extreme MotorSports could have been sued on the open account claim, Ackel cannot now be heard to complain that he and A and C Holdings are not the proper defendants on the invoice claim. Ackel's own admissions made on the record as to who hired Seabrook Marine to perform the work on the Voodoo provide the necessary "corroborating circumstances" required by Louisiana Civil Code article 1946 to prove an oral contract. And Ackel's argument that he did not authorize the invoiced work contradicts the position that he took when trying to blame Seabrook Marine for the Voodoo's water damage by not properly effecting the repairs that he hired the company to perform. The Court is persuaded that Ackel has failed to create an issue of fact sufficient to defeat summary judgment on the principal amount

owed.[4]

The Court is not persuaded, however, that Seabrook Marine is entitled to enforce the contractual interest provision against Ackel. Ackel attests that there was never an agreement made to pay interest. (Rec. Doc. 80-1, Affidavit ¶ 3). Conceivably, his first notice of the interest charge might have been upon receiving the invoices themselves.

The Court is persuaded that Seabrook Marine has met the statutory requirements to obtain reasonable attorney's fees pertaining to collecting payment of the invoices. As Seabrook Marine acknowledges, its counsel must now submit a statement of the reasonable attorney's fees incurred in prosecuting the counterclaim.

Finally, the Court notes that when Seabrook Marine filed its motion for summary judgment, which was filed in response to a directive by the Court (Rec. Doc. 71, Order and Reasons at 18), Seabrook Marine and Ackel were trying to amicably resolve the matter. The Court strongly urges the party to do so. It is the Court's understanding that Ackel continues to dock his vessel at Seabrook Harbor and continues to dutifully pay the fees for that service so perhaps the parties could work out a mutually beneficial arrangement relative to that service in order to keep their business relationship intact.

Accordingly;

---

[4] Importantly, no part of this case will be tried to a jury. The Court will sit as the finder of fact on all claims, and therefore will be tasked with resolving any factual disputes. In bench trial cases the district judge has greater discretion to grant summary judgment. *Jones v. United States*, 936 F.3d 318, 323 (5th Cir. 2019). The district judge may "decide that the same evidence, presented to him or her as a trier of fact in a plenary trial, could not possibly lead to a different result." *Id*. (quoting *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 676 (5th Cir. 2010)).

**IT IS ORDERED** that the **Motion for Summary Judgment on Open Account (Rec. Doc. 72)** filed by Seabrook Marine, LLC is **GRANTED** as explained above.

**IT IS FURTHER ORDERED** that Seabrook Marine shall file its motion for reasonable attorney's fees no later than January 5, 2021 with a noticed submission date of January 20, 2021. The only issue to be presented in the motion and in the opposition, if any, is the amount of the attorney fee award since the Court has already determined that Seabrook Marine is entitled to such an award under Louisiana law. The Court will enter a final judgment as to all parties and all claims once it rules on the attorney fee motion.

December 14, 2020

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE