UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREAT LAKES INSURANCE SE                          CIVIL ACTION

VERSUS                                            NO: 19-12388

A AND C HOLDINGS, LLC, ET AL.                     SECTION: "A" (5)

**ORDER AND REASONS**

The following motion is before the Court: **Motion for Attorney's Fees (Rec. Doc. 87)** filed by Seabrook Marine, LLC.

George J. Ackel, III and A and C Holdings, LLC (at times collectively and in the singular "Ackel") have not responded to the motion.[1]

The motion, submitted for consideration on February 17, 2021, is before the Court on the briefs without oral argument.

Great Lakes Insurance SE ("Great Lakes") initiated this declaratory judgment action against George Ackel and A and C Holdings, LLC, seeking to have the Court determine that Great Lakes does not owe insurance coverage for water damage to Ackel's vessel, the Voodoo. Ackel filed a third-party demand against Seabrook Harbor, LLC and Seabrook Marine, LLC seeking to hold these entities liable for the water

---

[1] The Court does not find it surprising that Ackel has opted to have the motion submitted without filing a formal response. The Court has already determined that an attorney fee reward is appropriate and the fees sought in the instant motion are reasonable and well-documented.

damage to the Voodoo.[2]

Motions for summary judgment were filed in August 2020. On October 2, 2020, the Court entered a comprehensive order and reasons resolving all motions against Ackel and A & C Holdings. (Rec. Doc. 71). The only claim in this litigation that was not part of the motions for summary judgment was Seabrook Marine, LLC's counterclaim against Ackel for unpaid invoices pertaining to work performed on the Voodoo from 2016-2018. (Rec. Doc. 12, Answer and Counterclaim). Ackel had refused to pay the outstanding invoices issued by Seabrook Marine citing faulty work that he believed had contributed to the Voodoo's damages. On December 15, 2020, the Court granted Seabrook Marine's motion for summary judgment on open account. (Rec. Doc. 86). The ruling included a finding that Seabrook Marine had met the statutory requirements under Louisiana law to obtain reasonable attorney's fees pertaining to collecting payment of the invoices. (*Id.* at 6). The Court directed counsel for Seabrook Marine to file a motion for reasonable attorney's fees incurred in prosecuting the counterclaim. (Rec. Doc. 7). The instant motion followed.

The Court has reviewed the motion and supporting documents and is persuaded that the fee award being sought, **$4,552.50**, is reasonable.

Accordingly;

**IT IS ORDERED** that the **Motion for Attorney's Fees (Rec. Doc. 87)** filed

---

[2] Seabrook Harbor and Seabrook Marine are two separate entities that provide distinctly different services. Seabrook Harbor provides both dry-dock and wet slip vessel storage and docking at the marina. Seabrook Marine provides repair and renovation services for vessels at the marina.

by Seabrook Marine, LLC is **GRANTED**. Seabrook Marine, LLC is awarded **$4,552.50** in attorney's fees.

      **IT IS FURTHER ORDERED** that for the reasons previously given, a final judgment as to all claims and all parties shall be entered.

February 22, 2021

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE